UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JESUS FERNANDO MUNOZ, | Case No. CV 15-00261 (GJS) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

## I. PROCEEDINGS

Plaintiff Jesus Fernando Munoz ("Plaintiff") filed a complaint seeking review of the Commissioner's denial of his application for Supplemental Security Income ("SSI"). The parties filed consents to proceed before the undersigned United States Magistrate Judge, and motions addressing disputed issues in the case (Memorandum in Support of Plaintiff's Complaint ("Plaintiff's Memo"), Defendant's Memorandum in Support of Defendant's Answer ("Defendant's Memo"), and Plaintiff's Reply to Defendant's Memorandum in Support of Defendant's Answer ("Reply")). The Court has taken the motions under submission without oral argument.

## II. BACKGROUND

Plaintiff applied for SSI on March 16, 2011, alleging disability since January 11, 2011, due to diabetes, arthritis, lower extremity pain, depression, insomnia, and cholesterol problems. (Administrative Record ("AR") 148-54, 193). Following the denial of his application initially and on reconsideration, an Administrative Law Judge ("ALJ") held a hearing at Plaintiff's request. (AR 43-68).

On August 29, 2013, the ALJ issued a decision applying the five-step sequential evaluation process to find Plaintiff not disabled. (AR 18-31); *see* 20 C.F.R. § 416.920(b)-(g)(1).[1] The ALJ determined that Plaintiff had not engaged in substantial gainful activity since the application date, and that Plaintiff suffers from the severe impairments of non-insulin dependent diabetes mellitus with neuropathy and retinopathy, and depression. (AR 20). The ALJ found that Plaintiff's conditions did not meet or equal any of the impairments listed in Appendix 1 of the regulations. (AR 20). The ALJ assessed Plaintiff with the residual functional capacity ("RFC") to perform light, unskilled work (20 C.F.R. § 416.967(b)), with the following limitations: standing and walking 2 hours in an 8-hour workday; sitting 6 hours in an 8-hour workday, with the need to get up and move around every hour for 5 to 10 minutes; occasional pushing/pulling with the bilateral upper extremities; occasional climbing of ramps and stairs; occasional

---

[1] To decide if a claimant is entitled to benefits, an ALJ conducts a five-step inquiry. 20 C.F.R. § 416.920. The steps are as follows: (1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two; (2) Is the claimant's impairment severe? If not, the claimant is found not disabled. If so, proceed to step three; (3) Does the claimant's impairment meet or equal the requirements of any impairment listed at 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is found disabled. If not, proceed to step four; (4) Is the claimant capable of performing her past work? If so, the claimant is found not disabled. If not, proceed to step five; (5) Is the claimant able to do any other work? If not, the claimant is found disabled. If so, the claimant is found not disabled. 20 C.F.R. § 416.920(b)-(g)(1).

balancing, stooping, bending, kneeling, crouching, and crawling; and no climbing of ladders, ropes or scaffolds.  (AR 22, 29).  The ALJ also found that Plaintiff is able to perform simple, repetitive tasks and can understand, remember and carry out simple instructions, but must work in a low stress environment (i.e., occasional changes in the work setting with occasional interaction with supervisors, coworkers, and the general public).  (AR 22).  The ALJ determined that Plaintiff is unable to perform his past relevant work, but is capable of making a successful adjustment to other work that exists in significant numbers in the economy.  (AR 29-31).  Therefore, the ALJ concluded that Plaintiff was not disabled at any time since the filing date of Plaintiff's application.  (AR 31).

On January 13, 2015, Plaintiff filed a complaint before this Court seeking review of the ALJ's decision denying benefits.  Plaintiff raises the following arguments:  (1) the ALJ erred in determining Plaintiff's RFC; (2) the ALJ erred in finding Plaintiff can perform other work; and (3) the ALJ failed to provide adequate reasons for discrediting Plaintiff's subjective complaints.  (Plaintiff's Memo; Reply).  The Commissioner asserts that the ALJ's decision should be affirmed.  (Defendant's Memo).

### III.   STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), the Court reviews the Administration's decision to determine if:  (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used correct legal standards.  *See Carmickle v. Commissioner*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L.Ed.2d 842 (1971) (citation and quotations omitted); *see also Hoopai*, 499 F.3d at 1074.

/ / /

/ / /

## IV. DISCUSSION

### A. Plaintiff's RFC

Plaintiff contends, *inter alia*, that the ALJ erred in assessing Plaintiff's RFC by failing to adequately account for opinion of the consultative examining psychiatrist, William Goldsmith, M.D. (Plaintiff's Memo at 1-2; Reply at 1-2). As discussed below, the Court agrees.

A claimant's RFC is the most a claimant can still do despite his limitations. *Smolen v. Chater*, 80 F.3d 1273, 1291 (9th Cir. 1996) (citing 20 C.F.R. § 404.1545(a)). In assessing a claimant's RFC, the ALJ must consider all of the relevant evidence in the record. *See* 20 C.F.R. § 416.945(a)(2), (3). If an RFC assessment conflicts with an opinion from a medical source, the ALJ "must explain why the opinion was not adopted." Social Security Ruling ("SSR") 96-8p; *see also Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (explaining that an ALJ is not required to discuss all the evidence presented, but must explain the rejection of uncontroverted medical evidence, as well as significant probative evidence).

Dr. Goldsmith conducted a complete psychiatric evaluation of Plaintiff in July 2011, and diagnosed Plaintiff with a physical condition affecting psychological function and depression, NOS. (AR 462-66). Dr. Goldsmith assessed Plaintiff as "moderately impaired" in the ability to understand, remember and carry out simple 1-to 2-step job instructions, follow detailed and complex instructions, relate and interact with supervisors, coworkers, and the public, associate with day-to-day work activity, including attendance and safety, and adapt to the stresses common to a normal work environment. (AR 465-66). Dr. Goldsmith further found that Plaintiff's ability to maintain concentration and attention, persistence and pace was "slightly impaired," and that Plaintiff's abilities to maintain regular attendance in the work place and perform work activities on a consistent basis without special or additional supervision was "intact." (AR 466).

In the decision, although the ALJ stated that he gave Dr. Goldsmith's opinion "great weight," the ALJ inaccurately summarized Dr. Goldsmith's findings.  Rather than acknowledging Dr. Goldsmith's opinion that Plaintiff was "moderately impaired" in several areas of functioning (i.e., understanding, remembering and carrying out simple 1-to 2-step job instructions, following detailed and complex instructions, relating and interacting with supervisors, coworkers, and the public, associating with day-to-day work activity, including attendance and safety, and adapting to the stresses common to a normal work environment), the ALJ incorrectly described Dr. Goldsmith's findings as only "slight" limitations.  (AR 28-29).  Given the ALJ's misinterpretation of the evidence, the ALJ failed to adequately explain how Dr. Goldsmith's opinion of moderate limitations in functioning was consistent with the RFC for light, unskilled work.  In particular, the ALJ did not discuss whether Plaintiff's moderate impairments in understanding, remembering and carrying out simple 1-to 2-step job instructions, and associating with day-to-day work activity, including attendance and safety, conflicts with the RFC for simple, repetitive tasks, and the ability to understand, remember, and carry out simple instructions.  (AR 22, 29).  This omission is significant, as "unskilled work" involves understanding, carrying out and remembering simple instructions and dealing with changes in a routine work setting on a sustained basis.  *See* SSR 85-15.  "A substantial loss of ability to meet any of these basic work-related activities would severely limit the potential occupational base."  *Id.*  Thus, the ALJ's assessment of Plaintiff's RFC is not supported by substantial evidence.  *See* SSR 96-8p; *see also Vincent*, 739 F.2d at 1394-95.

The Commissioner asserts that the ALJ properly concluded that Dr. Goldsmith's opinion supported the ALJ's RFC assessment based on the unremarkable findings on examination.  (Defendant's Memo at 3).  The Commissioner notes that Plaintiff did not have disabling cognitive impairments or

5

problems with concentration and memory, was capable of performing activities of daily living independently, maintaining regular work attendance, and performing work activities on a consistent basis, without special or additional supervision. (Defendant's Memo at 2-3). The Commissioner's argument is not persuasive given the ALJ's error in failing to properly analyze Dr. Goldsmith's findings of moderate functional limitations. (AR 465-66); *see* SSR 96-8p; *Vincent*, 739 F.2d at 1394-95. While the ALJ may have believed that findings of moderate functional limitations were not supported by Dr. Goldsmith's own examination, he was required to explain as much, setting out a summary of the inconsistent findings and the conflicting evidence. *See Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998); *Regennitter v. Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294, 1298-99 (9th Cir. 1999) (the opinion of an examining doctor "can be rejected only for specific and legitimate reasons that are supported by substantial evidence in the record."). Here, the ALJ failed to provide any reasons for rejecting Dr. Goldsmith's opinion and the Court will not speculate as to what proper reason the ALJ may have provided.[2]

---

[2] The Court notes that at the administrative hearing, Plaintiff's attorney asked the vocational expert ("VE") to consider a person with Plaintiff's background and the RFC assessed by the ALJ, with a moderate limitation in the ability to understand, remember and carry out simple, 1 to 2 step job instructions. (AR 66). Plaintiff's attorney defined "moderate limitation" as a 20 percent limitation. (AR 66). The VE testified that an inability to "take" 1 to 2 step instructions for 20 percent of the day would not preclude the performance of the other work identified by the VE. (AR 67). However, it is unclear from the VE's testimony whether in addition to the 20 percent limitation in the ability to "take" instructions, the VE's answer also encompassed moderate limitations in the abilities to "remember" and "carry out" 1 to 2 step instructions. (AR 66-67). It is also unclear from the record whether Dr. Goldsmith's opinion of a moderate impairment equates to a 20 percent limitation in functioning, as described by Plaintiff's attorney. (AR 465). But even if the ALJ's error is considered harmless with respect to Dr. Goldsmith's finding of a moderate limitation in the ability to understand, remember, and carry out simple, one to two step job instructions, the

**CONCLUSION AND ORDER**

The decision whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. *Harman v. Apfel*, 211 F.3d 1172, 1175-78 (9th Cir. 2000). When no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *Id.* at 1179 ("the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings"). But when there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. *Id.*

The Court finds that remand is appropriate because the circumstances of this case suggest that further administrative review could remedy the ALJ's errors. *See INS v. Ventura*, 537 U.S. 12, 16, 123 S. Ct. 353 (2002) (upon reversal of an administrative determination, the proper course is remand for additional agency investigation or explanation, "except in rare circumstances"); *Harman*, 211 F.3d at 1180-81.

/ / /
/ / /
/ / /
/ / /
/ / /

---

VE was never asked to consider Dr. Goldsmith's additional finding that Plaintiff has a moderate limitation in the ability to associate with the day-to-day work activities, including "attendance and safety." (AR 466). As the ability to meet the demands of unskilled light work requires that a person perform activities on a sustained basis, the Court cannot find that the ALJ's consideration of Dr. Goldsmith's opinion was harmless error. *See* SSR 85-15.

IT IS THEREFORE ORDERED that Judgment be entered reversing the Commissioner's decision and remanding this matter for further administrative proceedings consistent with this Memorandum Opinion and Order.[3]

DATED: October 14, 2015   _____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE

---

[3] The Court has not reached any other issue raised by Plaintiff except insofar as to determine that reversal with a directive for the immediate payment of benefits would not be appropriate at this time.